# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEXANDRIA MARIE WALKER,

   Plaintiff,

 v.                                                                  Case No. 17-CV-522

OFFICER BENAREK,

   Defendant.

## SCREENING ORDER

The plaintiff, Alexandria Marie Walker, is a Wisconsin state prisoner representing herself. She filed a complaint alleging that the defendant verbally abused her. This matter comes before me on Walker's petition to proceed without prepayment of the filing fee (*in forma pauperis*) and to screen the complaint.

Walker has been assessed and paid an initial partial filing fee of $1.52. *See* 28 U.S.C. § 1915(b)(1). She may therefore continue to proceed without prepayment of the full filing fee. I will direct collection of the rest of the filing fee as explained at the end of this order.

### STANDARD OF REVIEW FOR SCREENING COMPLAINT

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, Walker is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Walker need not plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give Walker's *pro se* allegations, "however inartfully

pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## COMPLAINT'S ALLEGATIONS

Walker is incarcerated at the Taycheedah Correctional Institution. She is suing Officer Benarek.

Walker alleges that on February 17, 2017, during medication pass while she was drinking her Miralax, Officer Benarek gave her "a disgusting kind of look." (ECF No. 1 at 3.) When Walker finished drinking her Miralax, Officer Benarek told her that she looked like she was going to throw up. Walker responded that she was fine and that it (presumably, the Miralax) tasted like water. Then Officer Benarek told Walker, "I bet you if I would hit you in the stomach you would throw up." (*Id.*) Walker looked at the nurse who was standing nearby and she asked Officer Benarek why he would say something like that. He responded that he was only kidding. The nurse looked at Officer Benarek, shook her head, and said, "Dude this is one of those times you shouldn't say what you were thinking." (*Id.*) Officer Benarek and the nurse then moved on to the next cell block to pass out medication.

Walker alleges that she was abused as a child and that Officer Benark's comments traumatized her. She seeks monetary damages and a no-nonsense policy for officers who verbally abuse inmates.

## DISCUSSION

"[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015); *see also DeWalt v.*

3

*Carter*, 224 F.3d 607, 612 (7th Cir. 2000). On the other hand, "[t]hreats of grave violence can constitute cruel and unusual punishment under the Eighth Amendment." *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015) (citing *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009)). In *Dobbey*, the Seventh Circuit found that a threat "can rise to the level of cruel and unusual punishment." 574 F.3d at 445. The court concluded, however, that a prison guard's alleged act of getting up in the middle of a card game to hang a noose in the sight of black prisoners, while other guards calmly continued the card game, could not reasonably be taken seriously as a threat (rather than as racial harassment), and did not rise to the level of cruel and unusual punishment, as required to support the prisoner's § 1983 claim against the prison officials. *Id.*

Recently, in *Beal* and *Hughes*, the Seventh Circuit has allowed plaintiffs to proceed on verbal harassment claims under the Fourteenth Amendment. These cases involved "nearly identical allegations" that guards verbally abused inmates by using anti-gay slurs. *Hughes*, 809 F.3d at 334. In *Beal*, guards called "an inmate 'derisive terms' like 'punk, fag, sissy, and queer,' thereby 'increasing the likelihood of sexual assaults on him.'" *Hughes*, 809 F.3d at 334 (quoting *Beal*, 803 F.3d at 358). The court of appeals found that this kind of abuse constituted claims for violation of the plaintiffs' due process rights under the Fourteenth Amendment and equal protection claims under the Fourteenth Amendment Equal Protection Clause. *Id.*

In the current case, Walker's allegations do not come close to the kind of harassment described in *Dobbey*, *Hughes*, and *Beal*. Rather, Walker describes more of a bad joke – not a threat – and also states that Officer Benarek said he was kidding right after making the offensive remark. Officer Benarek's statement did not violate Walker's constitutional rights. *See Beal*, 803 F.3d at 358 (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (insulting or

4

disrespectful comments directed at an inmate generally do not rise to the level of a constitutional violation); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). Therefore, I will dismiss this action for failure to state a claim.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.48 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined (the Warden of Taycheedah Correctional Institution).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Green Bay, Wisconsin this 7th day of June, 2017.

                                                  BY THE COURT:

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, Chief Judge
                                                  United States District Court - WIED